**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  Plaintiff,  v.  Hector Delacruz,  Defendant. | No. CR-23-01374-002-PHX-KML  **ORDER** |

A confidential informant was present at the alleged drug transaction that led to criminal charges against defendant Hector Delacruz. Delacruz seeks early disclosure of the informant's identity and other information related to his participation in the case. Because the prosecution plans to call the informant to testify at trial, it commits to making certain disclosures Delacruz requests two weeks before trial. The parties continue to disagree on other categories of information and the timing of the government's disclosures. Delacruz's motion for disclosure as to that additional information is granted in part, and all disclosures must be made at least two weeks before trial.

**I.     Background**

Delacruz is charged in a three-count superseding indictment with committing two drug crimes and possessing a firearm as a convicted felon on September 26, 2023. (Doc. 124.) An informant participated in the crimes at issue. (Doc. 148 at 2-3.) The informant has been working with the Drug Enforcement Administration (DEA) since 2017 in exchange for financial and immigration benefits, and "has been involved in approximately

1   100 different operations." (Doc. 148 at 2.) The informant apparently used a device to record
2   the September 26 drug transaction. (Docs. 148 at 8; 152 at 13.)

3         Delacruz has moved for the pretrial disclosure of eight categories of information
4   related to the informant.[1] (Doc. 148 at 5-8.) The prosecution plans to call the informant to
5   testify at trial, so it avows it will disclose "two weeks prior to the final trial date" the
6   informant's name, all benefits he received from cooperating, the approximate number of
7   cases in which he has been used, all information regarding the informant's statements in
8   this case, all "negative information regarding the [informant]'s conduct while operating in
9   a confidential capacity for the government," and "[a]ny negative information impacting the
10  [informant]'s veracity, bias, or character for truthfulness." (Doc. 152 at 6.) That agreement
11  narrows to five the categories of disclosure requests which the parties agree the court must
12  resolve: (1) the informant's handler's identity and potential rewards; (2) the informant's
13  tax records; (3) the names and numbers of all state and federal criminal cases in which the
14  informant has been involved or testified; (4) the recording device the informant used during
15  the charged drug transaction; and (5) the informant's home addresses for the past five years.
16  (Docs. 152 at 7-8; 154 at 4-5.) The parties also continue to disagree whether making the
17  disclosures two weeks before trial is constitutionally sufficient. (Doc. 154 at 3.) Of these
18  disputed categories, the government must disclose only the names and case numbers of all
19  state and federal cases in which the informant has testified two weeks before trial.

20      **II.**    **Legal Standards for Informant Disclosures**

21      A court deciding whether to order the pretrial disclosure of confidential source
22  identity information must generally "balanc[e] the public interest in protecting the flow of
23  information against the individual's right to prepare his defense." *Roviaro v. United States*,
24  353 U.S. 53, 62 (1957). The defendant bears the burden of showing the need for disclosure

---

[1] Delacruz's motion lists eight bullet points, but there is one additional misnumbered request and two of the bullet points further define or are closely related to information requested in another category so will be considered within the related category. (*See* Doc. 148 at 6-7 (requesting all information related to consideration and promises of consideration, and further defining additional types of consideration in a separate bullet point); Doc. 148 at 7-8 (requesting in two separate categories that the government identify prior occasions on which the informant testified or was involved in an investigation).)

by providing "more than a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' to his defense, or that will be essential to a fair trial." *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000) (citation omitted). This fact-specific balancing test calls for the court to examine the circumstances of the informant's participation in the case, how helpful his testimony would be to the defendant, and the government's interest in non-disclosure (for example, based on informant-specific safety concerns). *United States v. Sai Keung Wong*, 886 F.2d 252, 255-56 (9th Cir. 1989); *see also United States v. Gil*, 58 F.3d 1414, 1421 (9th Cir. 1995) (applying balancing test to scope of informant's cross-examination).

Where the government intends to call an informant to testify at trial, additional important considerations apply. The government has obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), to provide the defense with "material exculpatory evidence within the government's possession" and "evidence that could [be] used to impeach the informant's credibility" in enough time for the defendant to use it meaningfully at trial. *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993); *see also United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985). The court must be careful not to interfere with the defendant's ability to expose the jurors—the sole triers of fact and credibility—to facts from which they could appropriately draw inferences relating to the informant's reliability. *Gil*, 58 F.3d at 1421 (quoting *Davis v. Alaska*, 415 U.S. 308, 318 (1974)). The government must therefore strictly comply with its discovery obligations to afford a defendant due process and the ability to meaningfully exercise his Sixth Amendment rights to a fair trial and to confront witnesses. *United States v. Govey*, 284 F. Supp. 3d 1054, 1061 (C.D. Cal. 2018).

### III. <u>Analysis</u>

To start, the government appears to be aware of its obligations under *Brady*, *Giglio*, Rule 16, and the Jencks Act (Doc. 152 at 5-6) and the court has already ordered it comply with them (Doc. 13). The court will hold the government strictly to those obligations. But because much of the disclosure Delacruz requests goes beyond what is necessary to

guarantee him a fair trial and he has not shown it will be relevant and helpful to his defense, Delacruz's motion for disclosure is granted only in part.

### A. Handler Information

Delacruz requests the government be ordered to disclose the name of the informant's handler and whether the handler "receiv[es] perks for job performance based on the Informant's production." (Doc. 148 at 6.) Without providing any information supporting a basis for this theory, he believes the handler's identity will be "relevant to show systemic bias, financial incentives, or pressure influencing the [informant]'s performance[.]" (Doc. 154 at 4.)

The government has not suggested the handler will be testifying at trial, and this order is premised on the understanding that he will not. On that assumption, Delacruz has not met his burden to show a need for pretrial disclosures related to the handler. Without any supporting facts, Delacruz's theory that the handler's identity and incentives will be relevant is not even "mere suspicion"—it is pure speculation. *Henderson*, 241 F.3d at 645; *see also Adcock v. Haws*, No. 2:10-CV-705-GEB-JFM, 2012 WL 868798, at *10 (E.D. Cal. Mar. 13, 2012).

### B. Informant's Tax Records

The prosecution has promised to disclose all financial incentives the informant received for his cooperation. (Doc. 152 at 6.) To the extent that avowal is not specific regarding the scope of these financial disclosures, the court makes the prosecution's obligations clearer: it must disclose the informant's aggregate compensation from *all* state and federal investigative and prosecutorial agencies for all functions the informant has performed. *See United States v. Blanco*, 392 F.3d 382, 394 (9th Cir. 2004).

But unless the informant's tax returns are within the prosecution's possession or it has other reasons to believe the informant testifies untruthfully as to financial benefits at trial, it need not disclose the tax information Delacruz requests. *Brady* requires the government to disclose information in its custody or control, but "does not obligate the government to conduct an investigation on behalf of the defense" by obtaining tax

- 4 -

information that is not ordinarily available to the prosecution team. *See United States v. Weed*, 775 F. Supp. 3d 520, 531 (D. Mass. 2025); *see also United States v. Tucker*, 609 F. App'x 383, 385 (9th Cir. 2015) ("The prosecution did not violate *Brady* because . . . the prosecution did not have the informant's tax returns."). Delacruz's request that the court order disclosure of tax information not in the prosecution's possession is denied.

### C. Informant's Prior Testimony and Case Information

Relying on the government's disclosure that the informant has been involved in approximately 100 cases, Delacruz asks the prosecution to identify all occasions in which the informant has previously testified and seeks a list of state and federal criminal cases in which he has assisted. (Docs. 148 at 7-8; 154 at 4-5.) The prosecution is willing to provide only an "approximate number of the cases in which the government has used the [informant] to provide information." (Doc. 152 at 6.) Here, balancing the government's interest in non-disclosure against the informant's participation in the charged crime, the government must disclose 1) the names and case numbers of all state and federal proceedings in which the informant has testified; and 2) the approximate number of cases in which he has been used.

Whether to order disclosure of prior records of informant testimony requires case-specific balancing. For example, in *United States v. Alexander*, 834 F. App'x 312, 316-17 (9th Cir. 2020), the Ninth Circuit affirmed a conviction under *Brady*'s materiality prong and under *Banks v. Dretke*, 540 U.S. 668, 698-701 (2004), after the government failed to produce transcripts and records of an informant's testimony in other criminal cases. Another case recognized that although ordinarily providing the number of cases on which an informant worked might be sufficient, more was required (including "all information in the DEA's possession pertaining to all prior cases in which [the informant] has worked for the DEA") where "the DEA was providing information to the AUSA only reluctantly, and in some instances not at all." *Blanco*, 392 F.3d at 393-94.

Here, the government's interest in withholding case names and numbers in which the informant has testified will be relatively small if that disclosure is required only when

1 the government also discloses the informant's identity as it has agreed. The informant's participation in this case was important, as the government has recognized, and his work with law enforcement appears to have been extensive. Once the informant's name is disclosed, Delacruz could attempt to locate his prior testimony through searches of publicly-available filings. Requiring the government to provide this information two weeks before trial will assist Delacruz in preparing for potential cross-examination more efficiently than he could on his own.

### D. The Recording Device from September 26, 2023

The prosecution has already disclosed both a copy and a transcript of the informant's audio recording of the drug transaction to Delacruz. (Doc. 152 at 13.) He nonetheless seeks the device itself, claiming it is "central to chain of custody, authenticity, and reliability of the government's evidence." (Doc. 154 at 5.) Delacruz provides no reason to believe the government's disclosures are inaccurate, unauthentic, or unreliable, nor that ordinary chain-of-custody procedures were not followed. Given that, Delacruz has not shown the incremental value of accessing the device itself will prove relevant or helpful to his defense or is essential to a fair trial. *Henderson*, 241 F.3d at 645.

### E. The Informant's Current and Past Addresses

Delacruz seeks the informant's current and past addresses going back five years to "enable independent defense investigation into the [informant's] background, convictions or misconduct." (Docs. 154 at 5; 148 at 8.) The government has already promised to provide that potential impeachment information to Delacruz and asserts that disclosing the addresses would "place[ ] the [informant]'s life in danger." (Doc. 152 at 6, 13.)

Requiring disclosure of the informant's addresses will "provide no exculpatory information" beyond what the government has already committed to disclosing. *See Gil*, 58 F.3d at 1421. A court does not abuse its discretion by denying disclosure in such a case where the government has alleged safety risks. *United States v. Hernandez*, 608 F.2d 741, 745 (9th Cir. 1979). Accordingly, Delacruz's request for the informant's home address is denied.

**F. Timing**

The government has pledged to disclose the informant's identity and other impeachment information two weeks before trial. (Doc. 152 at 6.) Delacruz argues two weeks is "constitutionally insufficient," citing only a case in which the government disclosed 75,000 documents less than a week before trial. (Doc. 154 at 3 (citing *Govey*, 284 F. Supp. 3d 1054).) The informant evidence must be disclosed "at a time when the disclosure would be of value to the accused." *Davenport*, 753 F.2d at 1462. But there is no constitutional bright-line minimum disclosure date, and depending on the volume of information, even a week (or less) before trial may be sufficient. *See Alexander*, 834 F. App'x at 316 (holding district court acted within its discretion in ordering the government to disclose the informant's identity one week before trial). Here, the government intends to produce the disclosures at least two weeks before trial, and the court has added only one list—which will necessarily contain fewer than 100 cases—to the disclosures it already agreed to make. The court will therefore order the production of both the items the government has already agreed to produce and the list of case names and numbers of all state and federal proceedings in which the informant has testified be made no later than two weeks before trial.

**IV.    Conclusion**

Of the additional disclosures Delacruz requested, the balance of the government's interests against Delacruz's weighs in favor of pretrial disclosure in only one instance: the list of case names and numbers of all state and federal proceedings in which the informant has testified. Accordingly,

**IT IS ORDERED** granting in part and denying in part Defendant's Motion to Disclose Confidential Source File and the Identity of the Confidential Source (Doc. 148).

**IT IS FURTHER ORDERED** in addition to the disclosures the government has already agreed to provide, as interpreted in this order, it must disclose a list of case names and numbers of all state and federal proceedings in which the informant has testified.

**IT IS FURTHER ORDERED** all government disclosures related to the informant

ordered above must be provided to the defendant no later than two weeks before trial.

Dated this 18th day of September, 2025.

Honorable Krissa M. Lanham
United States District Judge